Hax.Ii, Judge,
 

 delivered the opinion of the Court:
 

 The allegations of the Complainant’s bill exhibit, in almost all respects, the features of a
 
 mortgage;
 
 the answer of the Defendant, those of a conditional sale. But as neither are evidence, except against the party from whom they come, we must have recourse to the facts as found by the Jury. It is of importance to keep in view, that one of these facts is, that
 
 £70,
 
 Virginia currency, was the value of the negro at the time she went into the possession of the
 
 Defendant;
 
 a circumstance which does not happen in mortgages, but is often found in conditional sales. A circumstance in which the transaction resembles a mortgage, is this, that if the negro died before the 25th December, 1785, the Complainant was to bear the loss
 
 ;
 
 on which account he gave his bond for the money. The Defendant, in his answer, states that the bond was given to secure the debt, if the negro died before that day. Although the Jury do not find expressly that the bond was given for that and no other purpose, yet they find that which is tantamount to it: for they find that the Defendant was to bear the loss in case the negro died after the 25th December, 1785
 
 ;
 
 which finding seems to distinguish the case from a mortgage : lor if the negro
 
 *491
 
 had died after that day, and suit had been brought upoii the bond for the money, a Court of Equity would have enjoined the proceedings, if this fact had been made to appear
 
 ;
 
 the consequence of which would have been, that the Defendant must have borne the loss. This is not like the case of a mortgage reported in 2
 
 Atk.
 
 496, (and the same principle is to be found in many otheP cases,) “that in'mortgages the want of a covenant for the repayment of the mortgage money is no bar to a redemption.” For although there is no bond or covenant for the payment of the mortgage money, yet the mortgagee is not without remedy. See the case of King
 
 v.
 
 King,
 
 *
 
 and Lord Hardwicke’s decree thereon, cited by Lord Talbot, which was the case of a ship mortgaged and then taken at sea, and there was no covenant for the payment of the money. Although the ship could not be said.properly to be in the dature of a pawn, since the mortgagor had gone in her to sea, yet the executors of the mortgagor were decreed to pay the money for which the ship was mortgaged. For it is said in these cases, that every mortgage implies a loan, and every loan a debt.
 
 †
 
 So in case the mortgagor be evicted, or the.property mortgaged be not of value sufficient to pay the debt, as agreed by the counsel in the case of Howell v. Price,
 
 ‡
 
 the mortgagee might in Equity recover the money against the mortgagor. But in this case, if the negro woman died, it ivas the loss of the Defendant ,• and with respect to him, it cannot be said, as in case of mortgages, that there is a debt due. As the negro has lived and become valuable by her increase, the Defendant is entitled to the benefit arising therefrom. Agreeably to the Complainant’s view of the case, the Defendant might lose, but could not gain. As Defendant has run the risk of a total loss, he shall have the gain that has been made. As to the length, of time, it is only necessary to remark, that under the particular circumstances of this case, it strongly fortifies the Defendant’s situation. Let the bill be dismissed.
 

 *
 

 3 P. Wms. 388.
 

 †
 

 1 P. Wms. 271, 291.
 

 ‡
 

 Id.